UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

IVAN RAMOS,

                                    Plaintiff,
                                                            6:15-CV-00212
v.
                                                            (GTS/TWD)
SGT. CARL RUST, et al.,

                                    Defendants.
_____

APPEARANCES:

IVAN RAMOS
12-B-2475
Plaintiff, *pro se*
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

## I.    INTRODUCTION

The Clerk has sent to the Court for review the complaint submitted in this action by

Plaintiff Ivan Ramos under 42 U.S.C. § 1983.  (Dkt. No. 1.)  Defendants are Amsterdam Police

Sergeant Carl Rust; Montgomery County District Attorney James E. Conboy; and Amsterdam

Police Officers Ortiz, Lochner, and Bartman.  Plaintiff seeks damages and declaratory and

injunctive relief against Defendants for allegedly framing him on a double homicide and

obtaining an indictment against him with no evidence, which resulted in his being imprisoned in

violation of his rights under the Eighth and Fourteenth Amendments.

Plaintiff, who has not paid the filing fee for this action, submitted an initial application

for leave to proceed *in forma pauperis* ("IFP Application") which was denied as incomplete. (Dkt. Nos. 2 and 4.)  Plaintiff has now submitted a complete IFP Application.  (Dkt. No. 5.)

## II.     IFP APPLICATION

As to Plaintiff's IFP Application (Dkt. No. 5), the Court finds that Plaintiff has demonstrated economic need and has filed the inmate authorization form required in the Northern District to proceed with this matter *in forma pauperis*.  (Dkt. No. 3.)  Therefore, Plaintiff's IFP Application is granted.

## III.    INITIAL SCREENING

Having found that Plaintiff meets the financial criteria for commencing this case *in forma pauperis*, and because Plaintiff seeks relief from an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in the Complaint in light of 28 U.S.C. §§ 1915(e) and 1915A.  Section 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).[1]

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

upon which relief can be granted; or . . . seeks monetary relief against a person who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing a *pro se* complaint, the Court has the duty to show liberality towards *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the Plaintiff has stated "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court should construe the factual allegations in the light most favorable to Plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged    but it has not "show[n] that the pleader is entitled to relief." *Id*. at 679 (quoting Federal Rule of Civil Procedure 8(a)(2)). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will

not suffice. *Id.* (internal quotations marks and alterations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

Where a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco*, 222 F.3d at 112 (citation omitted).

## IV.    PLAINTIFF'S COMPLAINT

According to Plaintiff, Defendant Police Officers Sergeant Rust, Ortiz, Lochner and Bartman all responded to the scene of a double homicide on March 2, 2012. (Dkt. No. 1 at ¶¶ 3, 7-8.) Some time after the murders, Plaintiff was picked up, questioned about the double homicide and released. *Id.* at ¶ 11. On his way home from the police station, Plaintiff was arrested and charged with "minute charges steming (sic) from stolen items." *Id.*

While Plaintiff was incarcerated in the Montgomery County Jail, the Defendant Police Officers allegedly conspired to build a case against him for the double homicide using fabricated evidence. *Id.* at ¶¶ 12, 14. Defendant District Attorney James E. Conboy is alleged to have obtained a four count indictment against him, including two counts of Murder in the First Degree, a Class A-I felony, and two counts of Criminal Possession of a Weapon in the Third Degree, with no proof. (Dkt. No. 1 at ¶ 13.) Plaintiff was required to go to trial on the allegedly trumped up charges, was convicted, and was sentenced to life without the possibility of parole.

*Id.* at ¶¶ 14, 16.

Plaintiff claims that he was denied due process under the Fourteenth Amendment when he lost the criminal trial on which he was indicted as a result of the conspiracy and the trumped up charges. *Id.* at ¶¶ 14-15. Plaintiff also claims that the Defendants' actions were done maliciously and sadistically in violation of his Eighth Amendment protection against cruel and unusual punishment. *Id.* at ¶ 18. Plaintiff seeks a declaratory judgment declaring that his Eighth and Fourteenth Amendments were violated, possible injunctive relief, and compensatory damages of $5,000,000 against Defendants. *Id.* at pp. 1, 4.

## V.     ANALYSIS

### A.     Absolute Immunity for the Montgomery County District Attorney

Plaintiff claims that District Attorney Conboy violated his constitutional rights by obtaining an indictment against him when the District Attorney had absolutely no proof that Plaintiff had committed the crimes. (Dkt. No. 1 at ¶ 13.) "Because a public prosecutor cannot zealously perform the prosecutorial duties of the office if compelled to work under the constant threat of legal reprisals, such official is shielded from liability for civil wrongs by the doctrine of absolute immunity." *Hill v. City of New York*, 45 F.3d 653, 656 (2d Cir. 1995). The Second Circuit explained in *Hill*, *id.* at 660-61, that:

> In determining whether absolute immunity obtains, we apply a "functional approach," looking at the function being performed rather than to the office or identity of the defendant. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 268-69 (1993). State prosecutors are entitled to absolute immunity for that conduct "intimately associated with the judicial phase of the criminal process." *Imbler* [*v. Pachtman*, 424 U.S. 409, 430 (1976)]. Thus, a district attorney is absolutely immune from civil liability for initiating a prosecution and presenting the case at trial. *Id.* at 430-31; *Buckley*, 509 U.S. at

5

273.  Such official is also immune for conduct in preparing for those functions; for example, evaluating and organizing evidence for presentation at trial or to a grand jury, *Buckley*, 509 U.S. at 273, or determining which offenses are to be charged.  *See Ying Jing Gan v. City of New York*, 996 F.2d 522, 530 (2d Cir. 1993). Prosecutorial immunity from § 1983 liability is broadly defined, covering "virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate."  *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994).

Absolute immunity is defeated only when a prosecutor is engaged in investigative, rather than prosecutorial, functions.  *Bernard v. County of Suffolk*, 356 F.3d 495, 502-03 (2d Cir. 2004). Because the allegations against Conboy relate to the initiation of a prosecution against Plaintiff, i.e., seeking an indictment from a grand jury, he is entitled to absolute immunity.  Therefore, the Court recommends that the action be dismissed as against Defendant Conboy with prejudice.

**B.**     ***Heck v. Humphrey***

In addition, Plaintiff's § 1983 claims against all of the Defendants are barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), in which the Supreme Court held that

in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizant under § 1983. (emphasis in original).

Plaintiff's claims fall squarely within the ambit of *Heck*.  Were he to succeed on any theory espoused by him, he would necessarily call into question the validity of the conviction he is challenging in this action.  Because Plaintiff has failed to show that his conviction has been

6

overturned, his § 1983 claims are barred under *Heck* unless and until such time as Plaintiff's conviction is overturned or his sentence is invalidated.[2]

**WHEREBY**, it is hereby

**ORDERED** that Plaintiff's IFP Application is **GRANTED** (Dkt. No. 5); and it is

**RECOMMENDED** that Plaintiff's complaint (Dkt. No. 1) be **DISMISSED** as follows:

(1) against Defendant Conboy with prejudice on absolute immunity grounds; and

(2) against Defendants without prejudice as barred under *Heck v. Humphrey*, 512 U.S. 477 (1994); and it is

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.


Dated: April 27, 2015
      Syracuse, New York

                                      Thérèse Wiley Dancks
                                      United States Magistrate Judge

---

[2] A habeas corpus petition, not a § 1983 suit, is the appropriate vehicle by which to seek relief from illegal confinement. *See Ingram v. Herrick*, 475 F. App'x 793, 794 (2d Cir. 2012) (citing *McKithen v. Brown*, 481 F.3d 89, 102 (2d Cir. 2007)).

7