```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

IVAN RAMOS,

                                Plaintiff,
                                                        6:15-CV-0212
v.                                                      (GTS/TWD)

SERGEANT CARL RUST, Amsterdam Police Sgt.;
JAMES E. CONBOY, Montgomery Cnty. Dist.
Attorney; ORTIZ, Amsterdam Police Officer;
LOCHNER, Amsterdam Police Officer; and
BARTMAN, Amsterdam Police Officer,

                                Defendants.
_____
```

APPEARANCES:

IVAN RAMOS, 12B2475
  Plaintiff, *Pro Se*
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

Currently before the Court, in this *pro se* civil rights action filed by Ivan Ramos ("Plaintiff") against the five above-captioned individuals ("Defendants"), are (1) United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that Plaintiff's claims against Defendant Conboy be dismissed with prejudice on the ground of absolute immunity ground, and that the remainder of Plaintiff's claims be dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), and (2) Plaintiff's Objection to the Report-Recommendation. (Dkt. Nos. 8, 9.) After carefully reviewing the relevant filings in this action, the Court can find no error in the Report-Recommendation, clear or otherwise:

Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein. (Dkt. No. 8.) To those reasons, the Court would add four points.

First, Plaintiff's is mistaken to the extent he believes that his claim of conspiracy to convict him for a double homicide that he did not commit under 42 U.S.C. § 1983 falls outside the ambit of *Heck v. Humphrey*. (Dkt. No. 9, at 1-2.) It does not. His claim seeks to recover damages for an allegedly unconstitutional conviction or imprisonment, and/or for other harm caused by actions whose unlawfulness would render his conviction or sentence invalid.

Second, Plaintiff is mistaken to the extent he argues that his Complaint alleges facts plausibly suggesting that Defendant Conboy was performing a function other than a prosecutor when he obtained an indictment against Plaintiff for double homicide. It does not. *(See generally* Dkt. No. 1, at ¶¶ 12-14 [Plf.'s Compl.].)

Third, Plaintiff has not shown cause for his request that the dismissal of his suit be "'With-out cost' against the Plaintiff, meaning that the Filing fee be waived as well." (Dkt. No. 9, at 2.) While Plaintiff was permitted to proceed in this action without the *prepayment* of the Court's filing fee, he remains responsible for payment of the entire filing fee regardless of the outcome of the action–a fact he recognized when he signed the Inmate Authorization on or about April 20, 2015. (Dkt. No. 7.)

Fourth, Plaintiff's request for an opportunity to amend his Complaint before dismissal is denied. While Plaintiff's claims against Defendants other than Conboy are dismissed only without prejudice, that non-prejudicial dismissal is issued merely so that he may reassert them *after* he has taken such actions as are necessary to cause his conviction or sentence to be (1)

reversed on direct appeal, (2) expunged by executive order, (3) declared invalid by a state tribunal authorized to make such determination, or (4) called into question by a federal court's issuance of a writ of habeas corpus. Based on the facts alleged in Plaintiff's Complaint, as well as the arguments (and lack of arguments) asserted in his Objection, the Court finds that it would be futile to permit him to amend his Complaint now, or any time in the foreseeable future, so as to allege facts plausibly suggesting that one of the four above-described preconditions has been met.[1] The Court notes that Plaintiff's Complaint, which is dated February 19, 2015, expressly alleges that he "is now in the middle of a long [p]rocess of appeals, due to this conspiracy against him com[m]itted by" Defendants. (Dkt. No. 1, at ¶ 18 [Plf.'s Compl.].)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 8) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: June 25, 2015
Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

[1] *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.") (citations omitted); *Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.").